**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Harold Simmons, Appellant,

v.

City of North Charleston, Respondent.

Appellate Case No. 2024-001803

———————

Appeal From Charleston County
Roger M. Young, Sr., Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-353
Submitted April 1, 2026 – Filed July 8, 2026

———————

**AFFIRMED**

———————

Thomas R. Goldstein, of Belk Cobb Infinger & Goldstein, PA, of North Charleston, for Appellant.

David J. Parrish, of Maynard Nexsen PC, of Charleston, and Kriston D. Neely, of North Charleston, for Respondent.

———————

**PER CURIAM:** This case arises from the circuit court's order affirming the municipal court's imposition of a thirty-day jail sentence for Harold Simmons' (Appellant) failure to comply with the terms of his nolo contendere plea to two City Ordinance (the Ordinance) violations. On appeal, Appellant argues: (1) the

municipal court lost jurisdiction at the expiration of his thirty-day conditional suspended sentence; (2) his due process rights were violated because "he never received notice of how he was in violation of the municipal court's oral order"; (3) Respondent City of North Charleston (the City) failed to present sufficient evidence that Appellant did not comply with the terms of his plea; (4) the municipal court failed to provide the circuit court with a transcript or audio recording of the October 6, 2023, hearing and; (5) the circuit court erred in refusing to set aside or remand the municipal court's order based on newly discovered evidence.  We affirm.

1.      Appellant argues that the municipal court lost jurisdiction over Appellant at the expiration of the maximum thirty day suspended sentence.  We disagree.

> When the sentence of any person who has been sentenced by a court of competent jurisdiction of this State shall be suspended by [] such court such suspension shall run for the period of time prescribed by [the court] in the sentence or order of suspension and no person who has had a sentence so suspended shall be called back and required to do service under such sentence beyond and after the expiration of such period.

S.C. Code Ann. § 17-25-110 (2014).  "Any municipal [court] may suspend sentences imposed by [it] upon such terms and conditions as [it] deems proper including, without limitation, restitution or public service employment."  S.C. Code Ann. § 14-25-75 (2017).  A municipal court may impose fines or imprisonment, or both, not exceeding two hundred dollars or thirty days.  S.C. Code Ann. § 14-25-65 (2017).  These statutes allow municipal courts a great degree of discretion to impose appropriate punishment and to suspend sentences.  Our supreme court has established that only a court of competent jurisdiction can revoke the suspension of a sentence and place it in execution—in *Sanders v. MacDougall,* our supreme court held that "[t]he Probation, Parole and Pardon Board has no jurisdiction to revoke the suspension of a sentence and place it in execution.  This can be done only by a court of competent jurisdiction before which the defendant has been taken on a warrant charging a violation of the conditions of probation."  244 S.C. 160, 163–64, 135 S.E.2d 836, 837 (1964).

Here, the municipal court acted as the trial court when it accepted Appellant's nolo contendere plea and imposed certain conditions for compliance.  As such, the municipal court was the court of competent jurisdiction empowered to revoke the

suspended sentence. *See State v. Miller,* 122 S.C. 468, 474–75, 115 S.E. 742, 745 (1923) (holding that the nature of the inquiry and extent of the investigation to be conducted by a lower court in determining whether the condition of a suspended sentence has been violated are matters that rest in the sound discretion of that court); *State v. Perkins*, 378 S.C. 57, 60–62, 661 S.E.2d 366, 368–69 (2008) (affirming the trial court's finding that the defendant violated a condition of his suspended sentence following his termination from a drug court program and holding, "the trial court correctly determined that [the defendant] violated a condition of his suspended sentence, and therefore, properly imposed [the defendant's] original sentence"). Appellant was given the opportunity to be heard, as addressed below, and the circuit court properly determined the municipal court retained subject matter jurisdiction to ensure Appellant complied with the terms of his plea.

2. Appellant argues the City's "motion for hearing" denied Appellant due process because it did not identify his alleged noncompliance with the order. We disagree. "The fundamental requirements of due process include notice, an opportunity to be heard in a meaningful way, and judicial review." *Kurschner v. City of Camden Plan. Comm'n*, 376 S.C. 165, 171, 656 S.E.2d 346, 350 (2008). "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Id*. at 172, 656 S.E.2d at 350. Here, Appellant contends he was denied due process because he was not provided with sufficient notice of the allegations that led to his jail sentence. However, at the plea hearing, the municipal court engaged in an extensive colloquy with Appellant to ensure he understood the terms of his suspended sentence and the consequences he would face should he not bring his property up to compliance within thirty days. In the alternative, Appellant was given the opportunity to comply by providing documentation of repairs to inoperable vehicles on his property. Further, at the plea hearing, Appellant was explicitly told that should he not bring his property into compliance with the Ordinance in thirty days, he would be sentenced to the thirty-day jail sentence. Appellant was not called back into court on October 6, 2023, to relitigate, resentence, or be required to do additional service under his sentence beyond and after the expiration of the suspended sentence as contemplated in section 17-25-110. Rather, he was returned to court to address his failure to comply with the conditions of his suspended sentence by failing to remove the inoperable vehicles. Appellant attended the hearing with his counsel, had an opportunity to cross-examine witnesses and present evidence, and he testified in his own defense. Based on the foregoing, we affirm. *See Perkins*, 378 S.C. at 61, 661 S.E.2d at 368 (holding a "Drug Court Program participant is

entitled to notice and a hearing to determine whether he has violated the conditions of his suspended sentence before his sentence may be imposed").

3.      Appellant argues that, at the hearing on October 6, the City failed to present sufficient evidence that Appellant did not conform to the municipal court's oral order on August 9.  Appellant's argument relating to the sufficiency of the City's photographs to prove noncompliance focuses on a sentence in the circuit court's order that states, "[t]hese images depicted vehicles in a state that *suggested* non-compliance with the Municipal Code, such as the vehicle with a flat tire or the vehicle missing a bumper." (emphasis added).  Appellant argues the photos "absolutely do not prove noncompliance" because they merely "suggest" noncompliance.  We disagree.[1]  "There shall be no trial de novo on any appeal from a municipal court."  S.C. Code Ann. § 14-25-105 (2017).  The circuit court reviews the case based on the municipal court's return, which consists of "a written report of the charges preferred, the testimony, the proceedings, and the sentence or judgment."  *Id.*

At the October 6 hearing, the City presented several photographs of alleged inoperable vehicles on Appellant's property after the thirty-day compliance deadline had passed.  The photos depicted vehicles in various states of inoperability.  Appellant now argues that minor defects, like a flat tire, do not render a vehicle "inoperable" under the Ordinance.  The Ordinance, however, is written broadly to encompass "unhealthy and unsightly conditions constituting public nuisances and endangering the life, health, safety, welfare and property of the entire community."  The conditions the Ordinance seeks to protect the community from include but are not limited to: "breeding place[s] for and/or attract[ing] insects, rodents or reptiles or otherwise creat[ing] a substantial risk of danger to health and/or safety through disease, fire, safety hazards or other means."  We find the photographs in the record and the municipal court's analysis of noncompliance were proper considering the Ordinance's language in conjunction with testimony from the hearing.  The municipal court's return found Appellant failed to comply with the terms of his suspended sentence "after reviewing the photos, hearing the testimony of several witnesses and considering the testimony of [Appellant]."  The return further stated the municipal court judge, "considered highly the testimony of [Appellant], [during] which he acknowledged that flat tires on his vehicle [were] a violation of the city ordinance and several photos demonstrated flat tires on [Appellant's] property."  The municipal court's role at the October 6 hearing was to determine whether the vehicles on Appellant's property

---

[1] We combine Issues Three and Four.

violated the Ordinance, which in turn was a violation of the conditions of his no contest plea agreement. In finding that Appellant failed to comply with the conditions of his suspended sentence, the municipal court reasonably relied on the photographic and testimonial evidence provided by the City, and the court heavily relied on Appellant's own testimony. We find the circuit court, acting in an appellate capacity, gave proper deference to the municipal court's evidentiary and factual findings in light of the intent of the Ordinance.

4. Appellant argues the circuit court erred in refusing to set aside or remand the municipal court's oral order of incarceration based on newly discovered evidence raised in his motion for reconsideration. Appellant discovered the City's Housing Authority filed a civil action concerning the same subject matter, which the City never disclosed. The Housing Authority action, filed in 2021, was specifically referenced on the first page of the transcript from Appellant's plea hearing before the municipal court on August 9, 2023. Thus, it cannot be "newly discovered" evidence. Moreover, we find this issue unpreserved for our review because it was not raised until Appellant's motion for reconsideration. *See Stevens & Wilkinson of S.C., Inc. v. City of Columbia*, 409 S.C. 563, 567, 762 S.E.2d 693, 695 (2014) ("[A] party cannot use a Rule 59(e)[, SCRE] motion to advance an issue the party could have raised to the circuit court prior to judgment, but did not.").

**AFFIRMED.**[2]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.